# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**COLOR EVENTS, BV,**

      Petitioner,

v.                                             Case No:  6:18-cv-648-Orl-37DCI

**MULTI TALENT AGENCY, INC.,**

      Respondent.
_____

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**   **MOTION FOR FINAL DEFAULT JUDGMENT (Doc. 20)**
>
> **FILED:**      **August 16, 2018**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On April 24, 2018, Petitioner filed a Petition to Confirm Arbitration Award, seeking to confirm an arbitration award issued by the International Centre for Dispute Resolution (ICDR). Doc. 1.  Petitioners seek relief pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the New York Convention).  *See* 9 U.S.C. §§ 202, 207.  Petitioner served Respondent (Docs. 17; 18) with the Petition, but Respondent failed to appear or otherwise respond to the Petition in the time provided (Doc. 18), and the Clerk entered default (Doc. 19).  Now, Petitioner moves pursuant to Federal Rule of Civil Procedure 55(b)(1) and requests that the Clerk enter judgment against Respondent in an amount certain: $310,708.26.  Doc. 20 (the Motion).  This amount certain is the difference of the arbitral award (the Final Award) and amounts received by

Petitioner from other sources and applied by Petitioner in partial satisfaction of the Final Award: $534,439.26 (Final Award) - $223,731.00 (other sources) = $310,708.26 (amount certain) Docs. 20; 21.

The Motion has been referred to the undersigned for consideration. *See A.A. Metals, Inc. v. Sols. In Stainless, Inc.*, No. 6:13-CV-330-ORL-31DAB, 2013 WL 12207503, at *1 (M.D. Fla. May 6, 2013), *report and recommendation adopted,* 2013 WL 12205841 (M.D. Fla. May 23, 2013) ("Although Rule 55(b)(1) provides for entry of default judgment by the Clerk on Plaintiff's request if the claim is for a sum certain . . . it is the policy of this Court to review such motions and direct the entry of judgment, if appropriate.").

The Clerk may enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, . . . against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1) (italics added); *see also Arango v. Guzman Travel Advisors*, 761 F.2d 1527, 1531 (11th Cir. 1985) ("A default judgment can be entered by the clerk of the court, when, as here, a party is in default for failure to appear."). However, "a defendant's default alone does not warrant entry of a default judgment." *Nyesa Costa Rica v. Wilson Cap. Grp. Holdings, LLC*, No. 11-22036-CIV, 2012 WL 1492344, at *3 (S.D. Fla. Apr. 27, 2012) (Seitz, J.) (citation omitted). As this Court has explained:

> The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-pled in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").

*A.A. Metals, Inc.*, 2013 WL 12207503, at *1.

This case arises from an alleged breach of an agreement (the Performance Agreement) between Petitioner and Respondent, in that the Performance Agreement required rapper Dwayne Michael Carter, Jr. (known as Lil Wayne) to perform at an event in Curacao in November 2016, but Mr. Carter allegedly failed to so perform. Doc. 1 at 2. Pursuant to the terms of the Performance Agreement, Petitioner demanded arbitration with the American Arbitration Association concerning Respondent's alleged breach of that Agreement. *Id*. at 3. Because Petitioner was a foreign entity and Respondent a U.S. entity, the matter was transferred to the ICDR for arbitration. *Id*. Although Respondent was served with notice of the arbitration pursuant to the rules of the ICDR and Respondent communicated with Petitioner concerning the arbitration, Respondent failed to appear at the arbitration. *Id*. Thus, on March 14, 2018, after receiving briefing from Petitioner, the arbitrator issued a Final Award in favor of Petitioner concerning Respondent's breach of the Performance Agreement. *Id*. The Final Award included the following damages:

> (i) money damages in the amount of $459,912.96; (ii) interest at a rate of 10% per year from November 26, 2016 until the date that payment is made; (iii) attorneys' fees in the amount of $58,146.30 plus 10% interest from March 15, 2018 until the date that payment is made; and (iv) administrative fees and expenses in the amount of $16,380.00 plus 10% interest from March 15, 2018 until the date that payment is made.

*Id*. at 3-4; *see also* Docs. 1-3 at 12-14 (the Final Award); 20-1. The total amount of the Final Award before interest was $534,439.26. Docs. 1 at 4; 21 at 1. Respondent failed to satisfy the Final Award and has not moved to modify or vacate the Final Award. Doc. 1 at 4. Thus, Petitioner filed this Petition pursuant to the New York Convention, seeking confirmation and enforcement of the Final Award, alleging that no grounds exist for the Court to refuse or defer recognition of the Final Award and that, pursuant to 9 U.S.C. § 207, asserting that Petitioner is entitled to have the Final Award confirmed by this Court. *Id*. at 4-5.

Here, the well-pled allegations of the Petition, the attached documents, and Ms. King's affidavit in support of the Motion adequately establish the basis for a default judgment. Further, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), 9 U.S.C. §§ 203, 204, and 207, and the Federal Arbitration Act, codified at 9 U.S.C. §§ 1, *et seq.*; venue is proper because Respondent is a Florida corporation with its principal place of business in Orlando, Florida; and Respondent was properly served with the Petition and failed to appear in this case or otherwise respond to the Petition. Docs. 1 at 1; 17; 18; 19; 20-1; 21. In addition, the damages sought are an amount certain, based upon the supporting documentation and the allegations in the Petition, which explicitly set forth the amount of damages – the only difference arrived at via computation being a reduction in the total amount of damages to account for amounts received by Petitioner from other sources and credited by Petitioners against the amount in the Final Award.[1] Docs. 1 at 3-5; 20; 20-1; 21.

Accordingly, as good cause is shown, it is **respectfully RECOMMENDED** that the Motion (Doc. 20) be **GRANTED**, and that the Court direct the entry of judgment in the amount of **$310,708.26** plus post-judgment interest at a rate of 10% per annum.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

---

[1] Although not stated specifically, the undersigned notes that Mr. Carter settled with Petitioner prior to the issuance of the Final Award, and this may be the source of this reduction. *See* Doc. 1-3 at 3.

Recommended in Orlando, Florida on September 17, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy