UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**COLOR EVENTS, BV,**

       Petitioner,

v.                                          Case No:  6:18-cv-648-Orl-37DCI

**MULTI TALENT AGENCY, INC.,**

       Respondent.

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Doc. 28)** |
| **FILED:** | August 15, 2019 |
| | **THEREON** it is **ORDERED** that the motion is **GRANTED**. |

On April 24, 2018, Petitioner filed a Petition to Confirm Arbitration Award, seeking to confirm an arbitration award issued by the International Centre for Dispute Resolution (ICDR). Doc. 1.  Petitioners seek relief pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the New York Convention).  *See* 9 U.S.C. §§ 202, 207.  Petitioner served Respondent (Docs. 17; 18) with the Petition, but Respondent failed to appear or otherwise respond to the Petition in the time provided (Doc. 18), and the Clerk entered default (Doc. 19).  Petitioner then moved pursuant to Federal Rule of Civil Procedure 55(b)(1) and requests that the Clerk enter judgment against Respondent in an amount certain: $310,708.26.  Doc. 20.  On September 17,

2018, the undersigned issued a report recommending that judgment be entered against Respondent, and, on October 2, 2018, the Court adopted that report. Doc. 23. Thus, final default judgment was entered against Respondent and in favor of Petitioner in the amount of $310,708.26 plus post-judgment interest at a rate of 10% per annum. *Id*.

Pending before the Court is Petitioner's Motion to Compel Production of Documents. Doc. 28 (the Motion). According to the Motion, Petitioner served post-judgment discovery upon Respondent on May 29, 2019. *Id*. Specifically, Petitioners propound to Respondent a Request for Production in Aid of Execution. *Id*. Respondents failed to respond to the discovery request. *Id*.

"[F]ederal courts have always had jurisdiction to enforce their judgments." *Sequoia Fin., Inc. v. Warren*, 2017 WL 445713, at *2 (M.D. Fla. Feb. 2, 2017) (citing, *Heaps v. Flanagan*, 2008 WL 243976, at *6 (S.D. Ga. June 9, 2008)). "Rule 69(a) provides the process by which a judgment creditor can enforce a money judgment and authorizes post-judgment discovery in aid of execution of that judgment." *In re Clerici*, 481 F.3d 1324, 1336 (11th Cir. 2007). Responses and objections to discovery requests must be made within 30 days of being served. Fed. R. Civ. P. 33(b)(2), Fed. R. Civ. P. 34(b)(2). A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. The court may enter an order compelling discovery when a party fails to respond or make objections to discovery requests. *See* Fed. R. Civ. P. 37(a)(3)(B).

Here, Petitioner served discovery in aid of execution and Respondents did not timely respond. Accordingly, Petitioner filed the Motion seeking an order to compel responses. Respondents have not filed a response to the Motion and the time for doing so has elapsed. Accordingly, the request for relief is unopposed. *See United States v. Arnao*, 2017 WL 1251582, at *1 (M.D. Fla. Apr. 5, 2017) (citing M.D. Fla. R. 3.01(b)).

Upon due consideration, it is **ORDERED** that:

1. Petitioner's Motion (Doc. 28) is **GRANTED**;

2. **On or before September 27, 2019**, Respondent shall respond to the Request for Production in Aid of Execution; and

3. Petitioner may file an appropriate motion seeking an award of attorney's fees incurred to bring the present Motion. Any such motion must include the amount of fees incurred in seeking that relief. Respondent shall have the opportunity to respond as provided by Local Rule 3.01(b).

**DONE** and **ORDERED** in Orlando, Florida on August 30, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties